UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ERIK SCHMAUS,<br><br>                Plaintiff,<br><br>    v.<br><br>PHILLIPS, et al.<br><br>                Defendants. | No. 1:23-cv-01125-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE ACTION<br><br>(ECF No. 27) |

      Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on July 21, 2023.

      On August 9, 2023, the Court screened Plaintiff's initial complaint, found no cognizable claims, and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 9.)

      After receiving Plaintiff multiple extensions of time, Plaintiff eventually filed a first amended complaint on January 22, 2024.  (ECF No. 19.)

      On March 18, 2024, the Court screened Plaintiff's first amended complaint, found he stated a cognizable claim for deliberate indifference and retaliation against Defendant Dr. Aye, but no other claims for relief.  (ECF No. 21.)  Plaintiff was granted leave to file an amended complaint or notify the Court to proceed only on the claims found to be cognizable.  (Id. at 12-

1

13.) Plaintiff failed to respond to the Court's March 18, 2024 order, and an order to show cause why the action should not be dismissed was issued on April 29, 2024. (ECF No. 22.) Plaintiff requested and received two extensions of time to respond to the Court's March 18, 2024 screening order, but no response was filed. Therefore, on August 2, 2024, the Court issued another order to show cause why the action should not be dismissed. (ECF No. 27.) Plaintiff has failed to file a response to the order to show cause and the time to do so has now passed. Accordingly, dismissal is warranted.

## I.

## DISCUSSION

Local Rule 110 provides that "[f]ailure ... of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff's response to the Court's most recent screening order is overdue and he has failed to file a second amended complaint or notify the Court of his intent to proceed on the claims found to be cognizable. The Court cannot effectively manage its docket if Plaintiff ceases

1  litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of
2  dismissal.

3        The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a
4  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
5  Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against
6  dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d
7  639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose
8  responsibility it is to move a case toward disposition on the merits but whose conduct impedes
9  progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products
10 Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

11       Finally, the Court's warning to a party that failure to obey the court's order will result in
12 dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262;
13 Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's March 18, 2024 order
14 expressly warned Plaintiff that, if he fails to comply with this order, the Court will recommend to
15 the District Judge that this action be dismissed for failure to prosecute and failure to obey a court
16 order.  (ECF No. 21 at 14.)  The Court's order to show cause required Plaintiff to show cause why
17 the action should not be dismissed for failure to prosecute and failure to comply with a court
18 order.  (ECF No. 27.)  Thus, Plaintiff had adequate warning that dismissal could result from his
19 noncompliance.

20       Additionally, at this stage in the proceedings there is little available to the Court that
21 would constitute a satisfactory lesser sanction while protecting the Court from further
22 unnecessary expenditure of its scarce resources. Plaintiff has failed to file a second amended
23 complaint or notify the Court of his intent to proceed on the claims found to be cognizable.
24 Thus, Plaintiff has ceased litigating this action and since he is proceeding in forma pauperis
25 monetary sanctions are of little value, and the preclusion of evidence or witnesses is likely to have
26 no effect given that Plaintiff has ceased litigating his case.
27 ///
28 ///

**II.**

**ORDER AND RECOMMENDATION**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey Court orders and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within fourteen (14)** days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 26, 2024**

UNITED STATES MAGISTRATE JUDGE

4