UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ERIK SCHMAUS,<br><br>         Plaintiff,<br><br>    v.<br><br>K.M. AYE,<br><br>         Defendant. | No. 1:23-cv-01125-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>(ECF No. 47) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend, filed December 29, 2025.

**I.**

**DISCUSSION**

Plaintiff seeks to amend the complaint and states it "would be based upon the same general state of facts as the original complaint." (ECF No. 47.)

As an initial matter, Plaintiff did not file a proposed amended complaint with his motion to amend. Because Plaintiff did not submit a proposed amended complaint, the Court is unable to evaluate it. On this ground, alone, Plaintiff's motion to amend should be denied. See King v. Villegas, 2019 WL 5536266, at *2 (E.D. Cal. Oct. 25, 2019) (denying motion to file amended complaint based on plaintiff's failure to submit proposed amended complaint).

1

In addition, Plaintiff has also failed to demonstrate good cause under Federal Rules of Civil Procedure 16, amendment of the scheduling order.  Because Plaintiff's motion to amend was filed after the Court issued a discovery and scheduling order, Rule 16's standards now control. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992) (evaluating under Rule 16 motion for leave to amend filed after issuance of pretrial scheduling order). In pertinent part, Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Thus, Plaintiff's ability to amend his complaint is governed by Rule 16(b), not Rule 15(a).  See Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15); see also Financial Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 166 (W.D. Mo. 1989) (same).

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ...Rule 15." Forstmann, 114 F.R.D. at 85. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee" notes (1983 amendment); Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990); Amcast Indus. Corp. v. Detrex Corp., 132 F.R.D. 213, 217 (N.D. Ind. 1990); Forstmann, 114 F.R.D. at 85.

Here, the deadline to amend the pleadings expired on June 18, 2025.  (ECF No. 46 at 1.) Plaintiff provides no explanation as to why he failed to seek to amend the complaint by the deadline provided in the discovery and scheduling order.  Indeed, this case was filed over two years ago, Plaintiff has amended his complaint once already, and the parties have been engaged in discovery since March 2025. Indeed, discovery closed on November 18, 2025.  (ECF No. 46.) Because Plaintiff's motion does not address the critical question in evaluating a motion to amend under Rule 16: why he was unable to file his motion within the deadline prescribed by the Court's

1    March 18, 2025 discovery and scheduling order.  Plaintiff has failed to explain the lengthy delay
2    and therefore failed to demonstrate diligence and good cause to amend his complaint.
3            A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly
4    disregarded by counsel without peril." <u>Johnson</u>, 975 F.2d at 610 (quoting <u>Gestetner Corp. v. Case
5    Equipment Co.</u>, 108 F.R.D. 138, 141 (D. Me. 1985)).  Plaintiff'ss disregard of the Court's
6    scheduling orders "undermine[s] the court's ability to control its docket, disrupt[s] the agreed-
7    upon course of the litigation, and reward[s] the indolent and the cavalier." <u>Johnson</u>, 975 F.2d at
8    610; <u>see also</u> <u>Riofrio Anda v. Ralston Purina Co.</u>, 959 F.2d 1149, 1155 (1st Cir. 1992) (permitting
9    amendment under Rule 15(a) in violation of district court scheduling order "would have nullified
10   the purpose of Rule 16(b)(1)").  Accordingly, Plaintiff's motion to amend shall be denied.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to amend the complaint is DENIED.

IT IS SO ORDERED.

Dated:   **January 5, 2026**

STANLEY A. BOONE
United States Magistrate Judge