**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON ERIK SCHMAUS,<br>Plaintiff,<br>v.<br>K.M. AYE,<br>Defendant. | No. 1:23-cv-01125 JLT SAB (PC)<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br>(Docs. 59, 64) |

Jason Schmaus seeks to hold Dr. Aye liable for retaliation and deliberate indifference to a serious medical need in violation of the First and Eighth Amendments. (*See* Docs. 19, 33.) Aye seeks summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 59.) Schmaus did not oppose the motion.

Evaluating the claim under the Eighth Amendment, the magistrate judge found it was undisputed that Schmaus had "a serious medical need" because he "was diagnosed with discitis at the thoracic region T7-8, for which he was admitted to the CTC to complete an additional six weeks of IV antibiotics." (Doc. 64 at 15.) However, the magistrate judge found no evidence that Aye either "purposefully ignored or failed to respond to his pain or possible medical need." (*Id.* at 16.) In addition, the magistrate judge found "no evidence that [Aye] was the head doctor or the supervising physician assigned to oversee Plaintiff's treatment." (*Id.*) To the extent that Schmaus disagreed with the treatment provided, the magistrate judge found such "disagreement or

dissatisfaction with the medical treatment … does not establish a claim for deliberate indifference under the Eighth Amendment." (*Id.* at 17.) Finally, the magistrate judge found no evidence that the treatment provided "was medically unacceptable under the circumstances." (*Id.*) Thus, the magistrate judge found that Aye was entitled to summary adjudication of the claim.

With the claim for retaliation, the magistrate judge found that the treatment received by Schmaus "was not affected by his grievances." (Doc. 64 at 19.) The magistrate judge observed that the evidence established the treatment provided by Aye "was based on objective data," and confirmed by another physician. (*Id.*) The magistrate judge determined that Schmaus "failed to demonstrate that Dr. Aye took any adverse action against him because he filed an inmate grievance." (*Id.*) Therefore, the magistrate judge found Aye was also entitled to summary adjudication on the retaliation claim. (*Id.*)

The magistrate judge recommended that the Court grant the motion and enter judgment in favor of Defendant. (Doc. 64 at 20.) The Court served the Findings and Recommendations on the parties and informed him that any objections were due within 14 days. (*Id.*) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.,* citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 10, 2026 (Doc. 64) are **ADOPTED** in full.

2. Defendant's motion for summary judgment (Doc. 59) is **GRANTED**.

///

///

///

///

///

3. The Clerk of Court is directed to terminate any pending matters, enter judgment against Plaintiff and in favor of Defendant, and close this case.

IT IS SO ORDERED.

Dated: _September 8, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE